Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
CONNELL FOLEY LLP
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Attorneys for Plaintiff Telebrands Corp.*
*(additional counsel listed on signature page)*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TELEBRANDS CORP.,** | Civil Action No. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **ZURU LTD.,** | |
| Defendant. | |

## COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), by and through its attorneys, hereby alleges as follows:

### NATURE OF ACTION

1. This is an action for a declaratory judgment that no claim of U.S. Patent No. 9,051,066 ("the '066 patent"), owned by defendant Zuru Ltd. ("Zuru"), is infringed by two new

products being marketed by Telebrands under the names "BATTLE BALLOONS" and "BATTLE BALLOONS COLOR COMBAT."

## PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. On information and belief, Zuru is a Chinese corporation that has a place of business at Room 1202 12/F, Energy Plaza, 92 Granville Rd, TST East, Kowloon, Hong Kong. On information and belief, Zuru is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

## JURISDICTION AND VENUE

3. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, and the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1, *et seq.* Based on the allegations set forth herein, there is an actual and justiciable controversy between Telebrands and Zuru regarding the non-infringement of the '066 patent.

4. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1338, and 2201-02.

5. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c), and 1400(b).

6. Zuru has consented to venue and jurisdiction in this Court by commencing other actions in this District regarding its intellectual property rights against Telebrands, as set forth in Zuru's Complaint in Case No. 2:15-cv-00548-CCC-MF (the "Zuru Action").

## BACKGROUND

7. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

8. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. For many years, Telebrands has expended enormous human and financial resources in cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites.

9. On June 9, 2015, the '066 patent, entitled "System and Method for Filling Containers with Fluids" issued to Tinnus Enterprises, LLC. A copy of the '066 patent is attached as Exhibit A. On information and belief, Zuru is the exclusive licensee of the '066 patent, and has exclusive rights to use on a worldwide basis any rights under the '066 patent.

10. Telebrands has designed and developed two new water balloon-filling products that it recently began marketing, which it refers to as BATTLE BALLOONS and BATTLE BALLOONS COLOR COMBAT (collectively, the "BATTLE BALLOONS Products"). Prior to today, these products have not been the subject of any previous or pending litigation. BATTLE BALLOONS and BATTLE BALLOONS COLOR COMBAT have connectors with substantially similar configurations; the latter product is designed to fill the balloons with colored water.

11. The BATTLE BALLOONS Products do not infringe any claim of the '066 patent. The '066 patent includes a single independent claim having numerous limitations that are missing from the BATTLE BALLOONS Products, including, *inter alia*, the following limitation: "a housing comprising an opening at a first end, and *a plurality of holes extending through a*

*common face of the housing at a second end*." Figure 2 of the '066 patent, reproduced below, illustrates this feature:



Specifically, in the '066 patent design, the housing (12) includes an opening (22) at a first end (A) for connection to a water supply, and a plurality of holes (26) extending through a common face of the housing at a second end (B) for connection to tubes (16) that conduct fluid to fill balloons (18A).

12.    The BATTLE BALLOONS Products do not include "a plurality of holes extending through *a common face of the housing at a second end*," as claimed in the '066 patent. As illustrated in the drawing of the housing of the BATTLE BALLOONS Products below, one end of the housing (the end on the bottom that is not readily visible) has an internal opening that fastens to a faucet or hose coupling. The other end surface (shown at the top of the drawing) is a flat face

3

with no holes. A specially designed helical, structure winds around the longitudinal axis of the housing in between the two ends of the housing. The helical structure has multiple stepped faces through which holes extend for connecting to tubes (not shown) for filling water balloons. Each stepped face includes a single hole. Thus, there are not "a plurality of holes extending through a common surface of the housing at a second end" in the BATTLE BALLOONS Products.



13. Another limitation of claim 1 requires "a plurality of flexible hollow tubes, each hollow tube attached to the housing at a respective one of the holes at the second end of the housing." The BATTLE BALLONS Products do not include this feature of the claims either for at least reasons similar to those discussed above. Other limitations of independent claim 1 also are not present in the BATTLE BALLONS Products. Because the BATTLE BALLONS Products are missing at least one limitation of the sole independent claim 1 of the '066 patent, there can be no literal infringement of the '066 patent.

14. During prosecution of the '066 patent, the claims were amended to recite the claimed limitation of "**a plurality of holes extending through a common face of the housing** at a second end." In addition, during its prosecution of the '066 patent, the applicant argued that this claim limitation distinguished its invention from the prior art. Accordingly, the doctrine of

prosecution history estoppel precludes Zuru from asserting that this limitation is present in the BATTLE BALLOONS Products under the doctrine of equivalents.

15. Zuru has contacted Telebrands' customers and made tortious and false statements that Telebrands' BATTLE BALLOONS Products allegedly infringe the '066 patent.

16. For example, on December 3, 2015, Aaron W. Purser, In-House Counsel for Zuru, sent a letter attached as Exhibit B on behalf of Zuru Ltd. to Telebrands' customer Dunham's Sports stating, among other things: "ZURU has been hearing claims that current knock off products are stating that they are introducing features such as colored-water and/or other color-related details to their knock off products in a means of avoiding infringing ZURU's intellectual property.  Please know that such claims are wholly without merit as ZURU's intellectual property, including, but not limited to its US Patent No. 9,051,066, have no limitations involving color.  A mere addition of a color-related feature to an infringing Bunch o Balloons product can not, and does not, make such a product non-infringing. ZURU can and will pursue any all legal remedies against any such product."

17. Zuru's letter evidences bad faith.  Telebrands did not include a color feature in its BATTLE BALLOONS COLOR COMBAT as a "means of avoiding" anyone's intellectual property.  Zuru's letter ignores the novel housing design that is at the heart of the BATTLE BALLOONS and BATTLE BALLOONS COLOR COMBAT, which make clear that these new products are not covered by the '066 patent.

18. Zuru's baseless allegations are scaring away Telebrands' customers and injuring Telebrands' business.  Some of Telebrands' largest customers are hesitant to purchase Telebrands' new balloon products and have yet to commit to purchase orders for 2016, because of the uncertainty caused by Zuru's false allegations about Telebrands' new products.

19. As another example of the harm that has been caused to Telebrands by Zuru's conduct, one of Telebrands' major retail customers had agreed to include an advertisement for the BATTLE BALLOONS Products in its March 2016 advertising circular. But as a result of Zuru's communications, this customer reversed its decision and informed Telebrands that it would exclude the advertisement from its March circular. Telebrands is now attempting to persuade this customer, so far without success, to include the advertisement in the April circular.

20. Thus, Zuru made false and tortious statements to Telebrands' customers alleging that Telebrands' BATTLE BALLOONS Products infringe the '066 patent. Such statements have damaged and will continue to damage Telebrands in the marketplace.

21. Accordingly, there is a substantial controversy between Telebrands and Zuru, whose legal interests are adverse and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Telebrands' BATTLE BALLOONS Products infringe the '066 patent.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '066 PATENT

22. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

23. Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '066 patent through the manufacture, use, sale, offer to sell, or import the BATTLE BALLOONS Products.

24. Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '066 patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the BATTLE BALLOONS Products.

25. Telebrands has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against Zuru on its claim;

b. Declaring that the BATTLE BALLOONS Products do not infringe the '066 patent;

c. Preliminarily and permanently enjoining Zuru, its agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from falsely representing or suggesting in the U.S. that the BATTLE BALLOONS Products infringe the '066 patent;

d. Declaring this case an exceptional case and awarding Telebrands its attorneys' fees; and

e. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a jury trial on all issues and claims so triable.

Respectfully submitted,

December 15, 2015    By *s/ Liza M. Walsh*

Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
CONNELL FOLEY LLP
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (*pro hac vice* motion to be submitted)
Tonia A. Sayour
Elana Araj (*pro hac vice* motion to be submitted)

7

COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

David Boies (*pro hac vice* motion to be submitted)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350

D. Michael Underhill (*pro hac vice* motion to be submitted)
Richard S. Meyer (*pro hac vice* motion to be submitted)
Kyle N. Smith (*pro hac vice* motion to be submitted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Plaintiff Telebrands Corp.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the following actions:

(1) The action filed on January 27, 2015 and pending in the United States District Court for the District of New Jersey: *Zuru, Ltd. v. Telebrands Corp.*, No. 2:15-cv-00548-CCC-MF; and

(2) The action filed on June 9, 2015 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:15-cv-00551 (RWS)(JDL).

| | |
|---|---|
| December 15, 2015 | By *s/ Liza M. Walsh* |
| | |
| | Liza M. Walsh |
| | Hector D. Ruiz |
| | Katelyn O'Reilly |
| | CONNELL FOLEY LLP |
| | One Newark Center |
| | 1085 Raymond Boulevard, 19th Floor |
| | Newark, New Jersey 07102 |
| | Tel.: (973) 757-1100 |
| | Fax: (973) 757-1090 |
| | |
| | Robert T. Maldonado (*pro hac vice* motion to be submitted) |
| | Tonia A. Sayour |
| | Elana Araj (*pro hac vice* motion to be submitted) |
| | COOPER & DUNHAM LLP |
| | 30 Rockefeller Plaza |
| | New York, New York 10112 |
| | Tel.: (212) 278-0400 |
| | Fax: (212) 391-0525 |
| | |
| | David Boies (*pro hac vice* motion to be submitted) |
| | BOIES, SCHILLER & FLEXNER LLP |
| | 575 Lexington Avenue |
| | 7th Floor |
| | New York, NY 10022 |
| | Tel.: (212) 446-2300 |

Fax: (212) 446-2350

D. Michael Underhill (*pro hac vice* motion to be submitted)
Richard S. Meyer (*pro hac vice* motion to be submitted)
Kyle N. Smith (*pro hac vice* motion to be submitted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Plaintiff Telebrands Corp.*

**CERTIFICATION PURSUANT TO L. CIV. R. 201.1**

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

December 15, 2015            By *s/ Liza M. Walsh*

                                      Liza M. Walsh
                                      Hector D. Ruiz
                                      Katelyn O'Reilly
                                      CONNELL FOLEY LLP
                                      One Newark Center
                                      1085 Raymond Boulevard, 19th Floor
                                      Newark, New Jersey 07102
                                      Tel.: (973) 757-1100
                                      Fax: (973) 757-1090

                                      Robert T. Maldonado (*pro hac vice* motion to be submitted)
                                      Tonia A. Sayour
                                      Elana Araj (*pro hac vice* motion to be submitted)
                                      COOPER & DUNHAM LLP
                                      30 Rockefeller Plaza
                                      New York, New York 10112
                                      Tel.: (212) 278-0400
                                      Fax: (212) 391-0525

                                      David Boies (*pro hac vice* motion to be submitted)
                                      BOIES, SCHILLER & FLEXNER LLP
                                      575 Lexington Avenue
                                      7th Floor
                                      New York, NY 10022
                                      Tel.: (212) 446-2300
                                      Fax: (212) 446-2350

                                      D. Michael Underhill (*pro hac vice* motion to be submitted)
                                      Richard S. Meyer (*pro hac vice* motion to be submitted)
                                      Kyle N. Smith (*pro hac vice* motion to be submitted)
                                      BOIES, SCHILLER & FLEXNER LLP
                                      5301 Wisconsin Ave. NW
                                      Washington, DC 20015

                Tel.: (202) 237-2727
                Fax: (202) 237-6131

                *Attorneys for Plaintiff Telebrands Corp.*